IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADEWALE JOHNSON ALADEKOBA<br>#23939-037 | * |
| | *     Civil Action No. WMN-10-1307 |
| Petitioner |     Criminal Action No. WMN-93-18 |
| | * |
| v | |
| UNITED STATES OF AMERICA | * |
| Respondent | * |
| | *** |

MEMORANDUM

Pending is a Petition for Writ of Audita Querela filed pro se by Adewale Johnson Aladekoba (Aledekoba). For the reasons that follow, the petition shall be dismissed without prejudice.[1]

I.    BACKGROUND

Aledekoba is serving a life sentence for conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. Aledekoba's first Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255 was denied on April 24, 2001. In the instant petition, Aladekoba argues that his sentence was improperly enhanced in light of the rulings later announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *Blakely v. Washington*, 524 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220, 231 (2005) and their progeny. Under this line of cases, the sentencing guidelines abridge the Sixth Amendment when an enhancement to a defendant's sentence, beyond the fact of a prior conviction, is based on judicial findings-of-fact under a preponderance of the evidence standard rather than by jury

---

[1] Aledokoba has separately filed for a reduction in sentence under Amendment No. 706 of the United States Sentencing Guidelines. On May 25, 2010, the Court appointed the Federal Public Defender for the District of Maryland to preliminarily review the Motion and provide a status report. The matter is pending.

based upon the reasonable doubt standard. As a consequence, the sentencing guidelines are advisory rather than mandatory.

II. AUDITA QUERELA

The Writ of Error Audita Querela, is not available to challenge a sentence where the claims presented may be raised pursuant to 28 U.S.C. § 2255. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985) that " '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and " '[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'"); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 679 (9th Cir. 2001) (courts have limited audita querela to instances in which there are gaps in the framework of federal post-conviction relief for which no other remedy is available).

Aladekoba's challenge to his sentence is cognizable under §2255, and there is no "gap" in available federal post-conviction remedies. A Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is the presumptive means for a federal inmate to collaterally attack his sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). The remedy provided under § 2255 is neither inadequate nor ineffective because a petitioner does not meet the gatekeeping requirements set forth in the federal habeas statute. *See* 28 U.S.C. § 2244(b) (3)(A); *Valdez-Pacheco*, 237 F.3d at 1080. Aladekoba's reliance on the residual authority of the All Writs Act in this case is unnecessary and improper. The instant petition represents Aledekoba's

second or successive § 2255 petition; the petition may not be considered by this court without prior authorization from the United States Court of Appeals. *See* 28 U.S.C. § 2244(b) (3)(A).[2]

### III.  MOTION TO MODIFY UNDER 18 U.S.C. § 3582

Aladekoba also requests relief under § 3582(c) (1) (B) which provides for a reduction of sentence in cases where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission pursuant to 28 U.S.C. 994(o).  Aladekoba does not demonstrate that his sentencing range was lowered by the Sentencing Commission. *See United States v. Dunphy*, 551 F.3d 247, 252-55 (4th Cir. 2009) (holding that *Booker* does not invalidate the requirement under §3582(c) that a sentence reduction be consistent with Sentencing Commission policy statements). Aladekoba is not eligible for a reduction in sentence under § 3582.

### IV.  CERTIFICATE OF APPEALABILITY

The petition provides no basis for issuance of a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

---

[2]  It bears noting that the rule announced in *Booker* is not retroactive, and does not apply to federal collateral proceedings where, as here, the conviction became final before *Booker* was decided. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Denial of a certificate of appealability does not prevent a petitioner from seeking permission to file a successive petition, or pursuing claims after obtaining such permission. A separate order follows.

      /s/

 6/1/10  
Date                                         William M. Nickerson  
                                             United States District Judge