IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. WMN-93-018 |
| | * | Civil No. WMN-10-1307 |
| ADEWALE JOHNSON ALADEKOBA | * | |
| | * | |

* * * * * * * * * * * * * * *

**MEMORANDUM**

Defendant Adewale Aladekoba was convicted on November 22, 1993, of conspiracy to possess heroin with intent to distribute (count I), possession of heroin with intent to distribute (Count II), possession of firearms during and in relation to a drug trafficking offense (Counts IV and V), and possession of a firearm by a convicted felon (Count VII). On March 15, 1994, Defendant was sentenced to a term of life imprisonment. Defendant appealed his conviction and the Fourth Circuit Court of Appeals affirmed. United States v. Adewale Johnson Aladekoba, 129 F.3d 1260 (4th Cir. October 3, 1997)(table).

After the Supreme Court denied his petition for certiorari, 523 U.S. 1100 (1998), Defendant filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which this Court denied on April 24, 2001. Paper No. 341. On November 27, 2001, the Fourth Circuit denied Defendant's petition for a certificate of appealability and dismissed his appeal. 22 F. App'x 199. In May 2006, the Fourth Circuit

denied Defendant's motion for authorization to file a successive petition.  See Docket No. 379.

On April 13, 2010, Defendant filed a pleading that he captioned as a "Motion to Modify Sentence under Title 18 U.S.C. Section 3582(c)(1)(B)."  Paper No. 382.[1]  In the body of that pleading, Defendant invokes the common-law writ of audita querela as the remedy sought.  One month later, Defendant filed a "Petition For Show Cause to Respondent Why Motion Pursuant to 3582(c)(1)(B) Should Not Be Granted."  Paper No. 384.

On May 25, 2010, this Court issued an order construing at least a portion of Defendant's April 13, 2010, pleading as a motion pursuant to 18 U.S.C. § 3582(c) and appointing the Federal Public Defender's office to do a preliminary review of the pleading to determine the potential availability of a reduction in sentence based upon Amendment No. 706 of the United States Sentencing Guidelines related to cocaine base ("crack") offenses.  Paper No. 386.[2]  On June 1, 2010, this Court issued a memorandum and order addressing the remaining portions of Defendant's pleading and holding, inter alia, that the writ of audita querela was not available to Defendant as a means to

---

[1] The Clerk of the Court also docketed this motion as a separate civil action, Civil Action No. WMN-10-1307.

[2] The referral of cases to the Federal Public Defender's office is a routine procedure adopted by this Court as part of the process of resolving the large number of petitions filed after the issuance of Amendment 706.

circumvent the gatekeeping requirements now imposed on motions under 28 U.S.C. § 2255.  Paper No. 388 at 2.

Subsequent to the Court's issuance of its June 1, 2010, memorandum and order, Defendant filed three additional motions: Paper No. 390 - a motion seeking reconsideration of this Court's May 25, 2010, order which he asserts mischaracterized his motion as one brought under § 3582(c)(1)(B); Paper No. 391 - a motion under Rule 60(b)(4) seeking to set aside this Court's April 24, 2001, memorandum and order denying his first § 2255 motion; and Paper No. 393 - a motion in which Defendant continues to challenge the recharacterization of his motion and also the substance and merits of this Court's June 1, 2010, memorandum and order.

The Court will deny each motion.  As to the first motion challenging this Court's May 25, 2010, order "mischaracterizing" Defendant's motion, the Court observes that Defendant suffered no prejudice as a result of that order.  The cases cited by Defendant supporting the requirement of notice and opportunity to withdraw or amend prior to recharacterization are cases where a motion is being recharacterized as a motion under § 2255. See, e.g., United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002).  Recharacterization in that context raises issues related to the barring of second or successive motions, id., which are simply not implicated here.  While Defendant is correct that his

was not a "crack" motion, the Court proceeded to address the actual issues raised in his motion in its June 1, 2010, memorandum and order.

In his "Rule 60(b)(4)" motion, Defendant asserts that when this Court issued its ruling on his § 2255 motion on April 24, 2001, it failed to address one of the many issues raised in that motion, specifically whether he was denied effective assistance of appellate counsel in that counsel failed to raise the issue of whether a firearms conviction could stand under Bailey v. United States, 516 U.S. 137 (1995).[3] The Court's failure to address that issue, Defendant contends, violated his due process rights and thus rendered the April 24, 2001, ruling "void." The Court concludes that Defendant's due process rights were not violated and that Defendant is not entitled to relief under Rule 60.

Rule 60(b)(4) allows the court to relieve a party from a final judgment if "the judgment is void." To promote finality and to discourage circumvention of the appellate process by way of the rule, relief under Rule 60(b)(4) remains an extraordinary remedy. Courts "narrowly construe the concept of a 'void' order

---

[3] The Court notes that in the background narrative in the memorandum denying Defendant's § 2255 motion, the Court discussed the "overwhelming evidence" against Defendant, including the evidence that he attempted to shoot at a police officer in the course of trying to escape. April 24, 2001, Mem. at 2-3.

4

under Rule 60(b)(4) ... because of the threat to finality of judgments and the risk that litigants ... will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). Therefore, "[a] judgment is not void merely because it is or may be erroneous." Baumlin & Ernst, Ltd. v. Gemini, Ltd., 637 F.2d 238, 242 (4th Cir. 1980). Instead, a judgment may be vacated for voidness under Rule 60(b)(4) only if the rendering court lacked personal jurisdiction, subject matter jurisdiction, or acted in a manner inconsistent with due process of law. See Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999).[4]

Here, Defendant filed a motion pursuant to § 2255 and the Court addressed its merits in a 23 page memorandum decision. Defendant did not file a motion to reconsider that decision, but did file an appeal. The Fourth Circuit reviewed the record and this Court's opinion and found no reversible error. 22 F. App'x 199. Thus, there are only two possibilities: either Defendant declined to challenge on appeal this Court's failure to address the Bailey issue or he raised it and the Fourth Circuit

---

[4] Defendant makes no claim that this Court lacked jurisdiction but only asserts a due process violation.

considered it inconsequential.[5]  Either way, the proceedings afforded Defendant due process.

Finally, as to Defendant's motion challenging this Court's June 1, 2010, decision, the Court finds no merit.  Defendant's concerns about recharacterization of his motion are addressed <u>supra.</u>  As to his attempt to avoid the gatekeeping requirements of § 2255 by invocation of the writ of audita querela, the law is well established that this remedy is not available for that purpose.

A separate order will issue.

```
                         _____/s/_____
                         William M. Nickerson
                         Senior United States District Judge
```

DATED: October 15, 2010

---

[5] Because of the lengthy passage of time, the complete appellate record is not readily available to this Court.