IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADEWALE JOHNSON ALADEKOBA #23939-037 | * | |
| | * | Civil Action No. WMN-12-924 |
| Petitioner | | Criminal Action No. WMN-93-18 |
| | * | |
| v | | |
| | * | |
| UNITED STATES OF AMERICA | | |
| | * | |
| Respondent | | |

\*\*\*

**MEMORANDUM**

Pending is self-represented Petitioner Adewale Johnson Aladekoba's (Aledekoba) pleading captioned, "Motion Requesting Order Under 18 U.S.C. § 3582(c) for Modification of Defendant's Imposed Terms of Imprisonment to the Extent Otherwise Expressly Permitted by 28 U.S.C. § 2255." For the following reasons, the Motion shall be denied.

**I.    Background**

Aledekoba is serving a life sentence for conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. Adewale appealed his conviction and the Fourth Circuit affirmed. *See United States v. Adewale Johnson Aladekoba*, 129 F.3d 1260 (4th Cir. 1997) (table), cert. denied, 523 U.S. 1100 (1998). Aledekoba's first Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255 was denied on April 24, 2001. The United States Court of Appeals for the Fourth Circuit denied his petition for a Certificate of Appealability and dismissed his appeal. *See United States v. Aladekoba*, 22 Fed Appx. 199 (4th Cir. 2001). In May of 2006, the Fourth Circuit denied his motion to for authorization to file a successive petition. ECF No. 379.

Aledekoba later filed a Petition for Writ of Error Audita Querela which was dismissed without prejudice. *See Adewale Johnson Aladekoba v United States*, Civil Action No. WMN-10-1307 (D. Md. 2010). In that case, Aladekoba also presented a request for relief under § 3582(c)(1)(B) which was denied. The United States Court of Appeals affirmed the decision on April 6, 2011.

In the instant Motion, filed on March 23, 2012, Aladekoba specifies he is requesting relief pursuant to 18 U.S.C. § 3582(c)(1)(B), and argues his sentences were imposed in violation of his Sixth Amendment right to trial by jury and in violation of the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220, 231 (2005). He claims his life sentences were imposed in excess of the maximum authorized by law and his sentence was improperly enhanced contrary to the holding in *Booker*. These claims have already been substantially considered and rejected by this court.

## II.  Modification of a Term of Imprisonment

Alakekoba wants to modify his prison sentence under the terms of 18 U.S.C. § 3582(c)(1)(B) which provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> **********************
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

Aledakoba provides no basis for modification under this provision. As previously explained in the Court's Order filed on November 24, 2010, Defendant is not entitled to the relief he is seeking because as modification he wants is not expressly permitted by statute or by Rule 35, as it must be under § 3582(c)(1)(B).

### III. Motion to Vacate

To the extent Aledakoba might request relief under 28 U.S.C § 2255, the Motion is successive, and absent pre-filing authorization from the United States Court of Appeals for the Fourth Circuit must be dismissed for lack of jurisdiction. See 28 U.S.C. § 2255 (h). Aledakoba provides no grounds for issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2).

### IV. Conclusion

For these reasons, the Court will deny and dismiss the Motion. A separate order follows.

/s/
_____

6/5/2012
Date

William M. Nickerson
United States District Judge

3