IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADEWALE JOHNSON ALADEKOBA #23939-037 | * | |
| | * | Civil Action No. WMN-12-1751 |
| Petitioner | | Criminal Action No. WMN-93-18 |
| | * | |
| v | | |
| | * | |
| UNITED STATES OF AMERICA | | |
| | * | |
| Respondent | | |

\*\*\*

## MEMORANDUM

This case is before the Court on Petitioner Adewale Johnson Aladekoba's request for reconsideration of the dismissal without prejudice of his successive Motion to Vacate, Set Aside or Correct Sentence. Petitioner argues his "2255(f)(3) Motion" was recharacterized as a second or successive motion without notice (ECF No. 419), and seeks reconsideration under Fed. R. Civ. P 59(e) and 60(b).

Petitioner was convicted in 1993 for conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846 and was sentenced to life imprisonment. His first § 2255 Motion to Vacate challenging his 1993 judgment of conviction was denied on the merits on April 24, 2001. ECF Nos. 341 and 342. On June 27, 2012, this Court dismissed his successive § 2255 motion, filed on June 12, 2012, without prejudice because there was no evidence that the requisite pre-filing authorization from the United States Court of Appeals for the Fourth Circuit has been obtained.

Notice of recharacterization was not required because this was not Petitioner's first

§ 2255 Motion challenging his 1993 judgment of conviction.[1] *See Castro v. United States*, 540 U.S. 375, 383 (2003) (ruling notice of recharacterization is required before a pro se prisoner's pleading may be construed as his first § 2255 motion). There is no notice requirement for successive petitions.

To the extent Petitioner asks this Court to apply the holding in *Depierre v. United States*, 131 S. Ct. 2225 (2011) retroactively under 28 U.S.C § 2255(f)(3), that case has not been made retroactive to cases on collateral review. *See Hughes v. United States*, 3:08–CR–106–S, 2012 WL 3947606 at *1 (W.D.Ky. Sept. 10, 2012); *United States v. Crump*, No. 7:06–CR–7–1, 2012 WL 604140, at *2 (W.D.Va. Feb. 24, 2012).

A motion under Rule 59 "to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed.R.Civ.P. 59(e). Petitioner's successive Motion was dismissed on June 27, 2012 (ECF No. 418), and his Motion for Reconsideration was filed almost three months later on September 20, 2012. Consequently, the Motion for Reconsideration under Rule 59(e) is untimely. Insofar as Petitioner seeks reconsideration under Rule 60(b),[2] this Court

---

[1] In this case, Petitioner takes issue with what he deems the "recharacterization" of his § 2255 pleading as successive.

[2] Rule 60(b) provides as follows:
    b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

assumes he is proceeding under subsection 60(b)(6), because none of the other subsections appear to apply. Petitioner fails to demonstrate extraordinary circumstances that would warrant relief under Rule 60(b)(6). *See e.g. See Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir.2011) ("While [Rule 60(b)(6)] includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances....'"). Consequently, there are no grounds for relief under Rule 60(b)(6) and the Motion for Reconsideration will be denied.

   A separate order will issue.

                     William M. Nickerson
                     Senior United States District Judge

DATED: December 19, 2012